124

culpability and as applied if the wrongful act or negligence proximately caused the death, the plaintiff is entitled to "recover such damages as the jury may assess in a court of competent jurisdiction within the State of Alabama". The well settled trial practice in our courts has been to require a single verdict, fixing a lump sum regardless of the culpability of tort feasors. City of Birmingham v. Hawkins, 196 Ala. 127, 72 So. 25; Layman v. Hendrix, 1 Ala. 212; City of Tuscaloosa v. Fair, 232 Ala. 129, 167 Co. 276; 64 C.J. p. 1084; Bull v. Albright, 254 Ala. 29, 47 So.2d 266.

 In the absence of express legislative authority we are not willing to depart from this well settled trial practice. Therefore the opinion prevails that the court did not err in setting aside the verdict and granting a new trial as to all defendants. We note that the complaint does not charge each of the defendants with negligence in the operation of their respective vehicles, but bases the right of recovery on the "concurrent" negligence of the defendants, their agents or servants, which carries the burden of showing concurrent negligence as to the parties involved in the damnifying act. The order of the court granting a new trial is affirmed.

Affirmed.

FOSTER, LAWSON and STAKELY, JJ., concur.

Merrill, Merrill & Vardaman, Anniston, for petitioner.

Si Garrett, Atty. Gen., opposed.

FOSTER, Justice:

The petition for certiorari to the Court of Appeals filed by J. B. Stovall in the case of Stovall v. State, 57 So.2d 642, is not on transcript paper as required by Supreme Court Rule 36, Code 1940, Tit. 7, Appendix, and must therefore be stricken. Peterson v. State, 248 Ala. 179, 27 So.2d 30; Allen v. State, 249 Ala. 201, 30 So.2d 483; Maddox v. City of Birmingham, 255 Ala. 440; 52 So.2d 166.

Petition for certiorari stricken.

LAWSON, SIMPSON and STAKELY, JJ., concur.

57 So.2d 625

### THOMAS v. STATE.
#### 6 Div. 311.

Supreme Court of Alabama.
March 13, 1952.

57 So.2d 642

### STOVALL v. STATE.
#### 7 Div. 159.

Supreme Court of Alabama.
March 13, 1952.